F. S. LEWIS & CO. et al. v. UNITED STATES.

No. 6750.

Circuit Court of Appeals, Seventh Circuit.

March 9, 1939.

Rehearing Denied April 1, 1939.

James J. Coughlin, of Chicago, Ill., for appellants.

Ellis N. Slack and James W. Morris, both of Washington, D. C., and William J. Campbell, of Chicago, Ill., for the United States.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the same question presented to this court in the case, United States v. Uhlmann Grain Co., 84 F.2d 901, namely, the taxability or non-taxability under section 800 et seq. of Schedule A(4), Tit. 8, of the Revenue Act of 1926, 44 Stat. 102, 26 U.S.C.A. §§ 903, 921(b)(2), of a series of transactions known on the Chicago Board of Trade where they occurred, as accommodation trades or position loans. Since we analyzed and described the transactions in our opinion in that case, we do not repeat that analysis here but refer to our former opinion wherein we held that the transactions did not constitute sales within the meaning of the statute, hence were not subject to the tax imposed upon sales, agreements of sale, or agreements to sell. In reaching that decision we did not have the benefit of a decision of the Supreme Court in Dupont v. United States, 300 U.S. 150, 57 S.Ct. 391, 393, 81 L.Ed. 570, subsequently announced, in which the Court stated that it was moved to grant certiorari because of a conflict of decision, referring to the Uhlmann case in which the Government had not applied for certiorari. In our opinion in that case we had distinguished the decision of the Second Circuit Court of Appeals in the Dupont case (83 F.2d 951) on the ground that the transaction there involved constituted a sale, hence was not applicable to the facts presented by the case before us.

It will be noted that the Supreme Court granted certiorari because there was a conflict of decision, and not because of a mere alleged conflict. We assume, therefore, that the Court intended to convey the thought that the two cases presented a conflict of decision instead of being reconcilable as we had held, and we are reluctant to treat it otherwise. This being true, the instant case is governed by the Supreme Court's decision in the Dupont case. In affirming the decision of the Court of Appeals, the Court held that the transaction taxed was an actual sale, under the rules and practice of the Cotton Exchange, hence subject to the tax. So much was necessary for the decision of case. However, the Court went further, stating: "The tax is not upon the business transacted but is an excise upon the privilege, opportunity, or facility offered at exchanges for the transaction of the business. It is an excise upon the facilities used in the transaction of the business separate and apart from the business itself. In this view it is immaterial whether the transfer of the account constituted a

sale. Unquestionably the petitioners used the facilities of the exchange for offsetting their obligation as a purchasing broker by arranging that another broker should take over that obligation under the rules of the exchange. Such a transaction comes within the intent of the statute and renders petitioners liable for the tax."

■ Applying this language to the facts of the case at bar, we think there can be no question but that appellants are subject to the tax imposed by the statute. Our earlier decision was based on the theory that the intent of the statute was to tax only sales on the Exchange. The opinion of the Supreme Court teaches us that it is immaterial whether or not a transaction constitutes a sale so long as the facilities of the Exchange are used. There is no question here but that appellants made use of the facilities of the Exchange in carrying out their transactions. Hence we affirm the judgment of the District Court on the authority of Dupont v. United States, supra.